UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BROADCAST MUSIC INC., et al.,

                Plaintiffs,

                                               **DECISION AND ORDER**
                                                        08-CV-946A

      v.

JMJ ENTERPRISES OF ERIE COUNTY, LTD.
  d/b/a JACOBI'S RESTAURANT and
JOHN JACOBI, each individually,

                Defendants.

Defendants have filed a motion to vacate the Order of Default Judgment entered in this case on May 27, 2009. Defendants assert that they were not served personally with the complaint in this action and that available defenses to the complaint warrant reopening the case. Defendants sought an expedited hearing of their motion to vacate because, they claim, their family restaurant will close if the restaurant's bank account remains frozen. Because defendants have not set forth any facts suggesting a meritorious defense to plaintiffs' claims, the Court will deny the motion.

## BACKGROUND

This case concerns allegations of copyright infringement. Plaintiffs are music companies that own copyrights to songs and that grant licensing rights for

those songs. Defendants operate a family restaurant in the City of Lackawanna, New York. The restaurant plays music during its business hours.

On December 23, 2008, plaintiffs filed a complaint accusing defendants of playing their copyrighted songs without prior authorization. On January 8, 2009, plaintiffs filed affidavits of service of the complaint on defendants. Defendants did not answer the complaint. On February 6, 2009, the Clerk of the Court filed an entry of default against defendants.

On February 27, 2009, plaintiffs filed a motion for default judgment seeking $33,000 in statutory damages for the alleged copyright infringements, plus $2,250 in attorney fees. The motion papers included an affidavit of Lawrence E. Stevens, sworn to on February 20, 2009. Mr. Stevens's affidavit ran 74 pages including attachments. In his affidavit, Mr. Stevens asserted that plaintiffs contacted defendants on 24 different occasions in an unsuccessful attempt to negotiate a license agreement. The attachments to Mr. Stevens's affidavit included copies of 23 letters from plaintiffs to defendants, and several email messages between the parties, concerning license negotiations and copyright infringements. The attachments also included a detailed, minute-by-minute report of songs that plaintiffs observed defendants playing on September 19–20, 2008 without authorization. On May 22, 2009, the Court granted the motion and issued an Order of Default Judgment that was entered on May 27, 2009.

On July 13, 2009, defendants filed two motions: one to vacate the Order of Default Judgment and one for an expedited hearing on the motion to vacate. The Court granted the motion for an expedited hearing on July 13, 2009. In support of the motion to vacate, defendants contend that they were not served properly. Defendants contend that they contacted their prior attorney "immediately" upon service of the complaint. (Docket No. 12-2 at 2.) Defendants contend further that their prior attorney informed them that he was negotiating with plaintiffs' attorney to resolve the case.[1] According to defendants, they never knew that a default judgment had been entered against them until their bank informed them that the personal and business bank accounts had been frozen. The business bank account, defendants maintain, is critical to the operation of the family restaurant. Defendants conclude by asserting that they have "valid defenses" to plaintiffs' claims. These defenses are not specified, other than two affirmative defenses in the proposed answer that negotiations for license rights were ongoing and that the damages awarded by default exceed any actual damages suffered.

---

[1] Defendants did not identify this "prior attorney" in their motion papers or submit an affidavit from him supporting this contention. At oral argument, defendants named the attorney in response to a question from the Court, but declined to offer any information to help the Court understand defendants' relationship with prior counsel. *Cf. U.S. v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976) ("We have been provided with no affidavit of [prior counsel] which would cast any light on the circumstances of his failure . . . . Neither have we received any affidavits from present counsel of [defendants] which would indicate what efforts, if any, have been made to elicit [prior counsel's] testimony, either voluntarily or under subpoena . . . . On the record before us we are totally uninformed of the reasons for the failure . . . or whether the failure was deliberate or inadvertent.").

In opposition to defendants' motion, plaintiffs deny ever hearing from "anyone purporting to be an attorney for the Defendants . . . to discuss possible resolution of the case prior to the default judgment being entered." (Docket No. 18 at 2.) Plaintiffs assert that defendants are the owners and president of the family restaurant, meaning that service on them subjected them to personal jurisdiction. Finally, plaintiffs contend that defendants have submitted no other facts that suggest the availability of a meritorious defense. Oral argument was held on July 20, 2009.

**DISCUSSION**

"[W]e have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). From the papers that defendants have submitted, the requirement of a meritorious defense presents the most immediate concern. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* at 98 (citations omitted); *accord State St. Bank & Trust Co. v.*

4

*Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citing *Enron*). No meritorious defense has been presented here. Defendants have not specified any problems with the affidavits of service filed on January 8, 2009, affidavits that on their faces establish service of process on defendants pursuant to N.Y. CPLR 308(2), a means allowed by Rule 4(e)(1) of the Federal Rules of Civil Procedure. The rest of defendants' motion papers set forth no facts at all that explain what defenses might exist whose completeness this Court could assess. At oral argument, defendants insisted that they could not articulate any meritorious defenses yet because they do not have enough facts about plaintiffs' allegations, despite the detailed affidavit of Mr. Stevens that is available on the docket. Defendants state only that valid defenses do exist, and that the bank accounts in question need to be unfrozen to allow the restaurant to continue to operate. These conclusory assertions provide the Court with so little information that it cannot conclude that defendants have articulated a potentially complete defense. As a result, the Court will not disturb a judgment that occurred because defendants failed to keep abreast of a lawsuit that they knew immediately had commenced. *Cf. SEC v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) ("Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or omissions of [ ]his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent. Thus, in the context of a

default judgment, we ha[ve] rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney.") (alterations in the original) (internal quotation marks and citations omitted). Without a meritorious defense or any information about the actions of defendants' supposed prior counsel, vacating the judgment by default in this case would be unwarranted.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to vacate the Order of Default Judgment entered in this case on May 27, 2009 is denied.


SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: July 21, 2009